NATHAN FERNBACHER, Plaintiff, *v.* THEODORE ROOSEVELT et al., Commissioners of Police, Defendants.

(Supreme Court — New York Chambers, October, 1895.)

The decision of the board of police commissioners upon any question within the scope of section 56 of the Election Law of 1895, whether made upon written objections or without them, may be reviewed.

The certificate of the secretary of state as to the names of candidates for state offices, emblems of parties and the order of position on the ballot

is binding on the board of police commissioners, and the board has no power to allow the state ticket of a party to be printed in a separate column under the emblem of a local organization in connection with the local ticket of such organization.

MOTION to restrain the board of police from printing the names of candidates for state offices in any column upon the official ballot under the name or emblem of the New York State Democracy.

*Asa Bird Gardiner, David Leventritt* and *Henry D. Hotchkiss,* for petitioners.

*Francis M. Scott, Counsel to the Corporation,* and *Wallace Macfarlane,* for State Democracy.

BEACH, J.    The objections to plaintiff's standing in court and to the mode of procedure are not well taken. The law of 1895, section 56, provides that "any question arising with reference to any device or to the political party or other name designated in any certificate of nomination filed pursuant to the provisions of this section or of section 57 of this act with reference to the construction, validity or legality of any such certificate, shall be determined in the first instance by the officer with whom such certificate is filed. * * * The Supreme Court, or any justice thereof, within the judicial district, or any county judge within his county, shall have summary jurisdiction upon complaint of any citizen to review the determination and acts of such officer, and to make such order in the premises as justice may require."

The general terms and wide scope of this provision remove the proceeding outside the rules of pleading and practice contained in the Code of Civil Procedure regulating actions and civil proceedings. The conclusion of the court or judge is here made known by an order, not judgment or decree, indicating that the legislature recognized the need for a simple and prompt remedy for alleged violations of the Election Law. To conform with this enactment, the moving party, a citizen, has presented to the court his complaint in the form of petition, claiming the action of the board of police commissioners

to have been illegal, as evidenced by the resolution of said board passed October sixteenth instant. This resolution directs the emblem or device of the New York State Democracy to be placed at the head of a column on the ballot, such column to contain the names of candidates for state offices nominated by the Democratic state convention, followed by the local ticket of the State Democracy.

. This action or decision relates both to a device and to the certificate of local nominations made by the State Democracy, and filed with the board of police commissioners, which certificate alone can serve as a foundation for their resolution. Section 65 of the act, providing for objections to certificates of nomination, is not restrictive of section 56 relating to the " construction, validity or legality " of any certificate of nomination filed, but adds thereto by providing that " written objections " *may* be filed, and indicates the course of procedure thereon.

But whether the board of police commissioners render a decision upon written objections, or in their absence, upon any question within the scope of section 56, their action may be reviewed. The sections are neither inconsistent nor exclusive, the latter, section 65, relating to written objections and procedure when they are filed and before decision has been rendered, while the former, section 56, gives the right to seek a review of their decision after rendition to any citizen upon application to a court or judge.

The plaintiff states a complaint in his petition proper for presentation, and the method chosen is unobjectionable.

The main question set forth, briefly stated, is whether or not the board of police commissioners legally allotted by its resolution to the State Democracy a column on the ballot with its emblem, the column to include names of candidates for state offices, or, as designated in the act, candidates to be voted for by the electors of the entire state.

The question relates practically to the ballot and use thereon of the emblem or device in connection with state candidates. It is to be decided from the enactment of 1895, which, in the

wisdom of the legislature, has provided a new form of single-
ballot, with specific provisions regulating its form and con-
tents differing widely from prior statutes upon the subject.
Existent decisions of the courts give no guidance to a correct.
conclusion, except those bearing upon statutory construction.
The present law enacts by mandatory sections rules applicable
to state and local nominations.

For state officers candidates must be nominated in one of
two ways : *First,* by state convention ; *second,* by nomi-
nating certificate bearing the names of 3,000 electors. The
results of state conventions officially attested, and certificates.
of nomination within specified periods, must be filed in the
office of the secretary of state, and in each instance must
specify a device or emblem. By section 60 this official, upon
expiration of the time for filing certificates of nomination,.
shall certify to the board of police commissioners the name,.
residence and place of business, if any, of each candidate
nominated in any certificate so filed for whom the voters may
vote, the title of the office for which he is nominated, the party
or other political name specified in such certificate, and the
*emblem* or *device* chosen to *represent* and *distinguish* the can-
didates of the *political party* or *independent body making*
*such nominations.*

By section 81 it is further provided that the tickets or lists
of candidates of the various parties shall be printed in parallel
columns, headed by the chosen devices and party name or-
other designation, *in such order as the secretary of state shall*
*direct.*

It is concluded from these provisions that the plain intent
of the legislature, as to nominations and emblems for state
candidates, was to restrict the contents of the ballot to those
candidates whose names had been lawfully filed in the secre-
tary of state's office, and by him certified to local officials,.
together with the emblems. This intention was wise, pre-
venting confusion and doubt relative to nominations and
emblems for state tickets. Were it otherwise, local conven-
tions, by adopting a state ticket without its legal emblem,,

could multiply the ballot columns to an indefinite extent, tending to mislead the elector and nullify the legislative effort for simplicity of ballot and consequent intelligent exercise of the voting franchise.

It appears in this proceeding that the secretary of state, in obedience to law, has duly certified the names of state candidates and the emblems as filed in his office, together with the order of position on the ballot, to the board of police commissioners. It also appears that the board, in contravention and disregard of this certificate, purposes to devote a column in part to state candidates and emblem *adopted* by a local convention called, on behalf of the State Democracy, to name candidates for local offices, and further to disturb the order of position on the ballot legally directed by the secretary of state. It is conceded that such organization has not held a state convention, and has not filed certificate or emblem in the secretary of state's office. There is no authority, either express or implied, to be found in the statute giving the board of police commissioners the right or semblance of a right to reverse, affect, nullify or interfere with the official action of the secretary of state, shown by his certificate.

It is true that section 81, prescribing the form of official ballots, has no provision applicable in terms to local nominations by factional local conventions; but even if so, the omission cannot warrant an assumption of power by the board of police commissioners not given by statute, and subversive of the authorized action of the secretary of state.

The board of police commissioners have acted erroneously in allowing to the State Democracy the use of an emblem over candidates for state offices. This action, in my opinion, should be reversed, and the local candidates of that organization (irregular by the judgment of party authorities) should be placed in a column, under their emblem, without the names of candidates for state offices appearing before them.

The prayer of petitioner is granted; an order may be settled on notice of one day.